MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
HUGO ISRAEL LUCAS SUT, *individually and on behalf of others similarly situated,*

                        *Plaintiff*,

        -against-

BONCHON U.S.A. INC.  (D/B/A BONCHON), HONG TAE KIM , JINDUK SEO (A.K.A. JINDUK SEH) , and ESTHER DOE ,

                        *Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Hugo Israel Lucas Sut ("Plaintiff Lucas" or "Mr. Lucas"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Bonchon U.S.A. Inc. (d/b/a Bonchon), ("Defendant Corporation"), Hong Tae Kim,  Jinduk Seo (a.k.a. Jinduk Seh), and  Esther Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

       1.     Plaintiff Lucas is a former employee of Defendants Bonchon U.S.A. Inc. (d/b/a Bonchon), Hong Tae Kim, Jinduk Seo (a.k.a. Jinduk Seh), and Esther Doe.

       2.     Defendants own, operate, or control a Korean Restaurant, located at 207 W 38th Street, New York, NY 10018 under the name "Bonchon".

       3.     Upon information and belief, individual Defendants Hong Tae Kim, Jinduk Seo (a.k.a. Jinduk Seh), and Esther Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Lucas was employed as a dishwasher, food preparer, cook and delivery worker at the restaurant located at 207 W 38th Street, New York, NY 10018.

5. At all times relevant to this Complaint, Plaintiff Lucas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hour's compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lucas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Lucas the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Regardless, at all times Defendants failed to pay Plaintiff Lucas at the required tip-credit rate.

9. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Lucas's and other tipped employees' tips and made unlawful deductions from Plaintiff Lucas's and other tipped employees' wages.

10. Defendants' conduct extended beyond Plaintiff Lucas to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lucas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiff Lucas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiff Lucas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lucas's state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Korean Restaurant located in this district. Further, Plaintiff Lucas was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16. Plaintiff Hugo Israel Lucas Sut ("Plaintiff Lucas" or "Mr. Lucas") is an adult individual residing in Queens County, New York.

17. Plaintiff Lucas was employed by Defendants at Bonchon from approximately March 6, 2012 until on or about December 6, 2018.

18. Plaintiff Lucas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants owned, operated, or controlled a Korean Restaurant, located at 207 W 38th Street, New York, NY 10018 under the name "Bonchon".

20. Upon information and belief, Bonchon U.S.A. Inc. (d/b/a Bonchon) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 207 W 38th Street, New York, NY 10018.

21. Defendant Hong Tae Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hong Tae Kim is sued individually in his capacity

as owner, officer and/or agent of Defendant Corporation. Defendant Hong Tae Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lucas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Jinduk Seo (a.k.a. Jinduk Seh) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jinduk Seo (a.k.a. Jinduk Seh) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jinduk Seo (a.k.a. Jinduk Seh) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lucas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Esther Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Esther Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Esther Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Lucas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate a Korean Restaurant located in the Midtown West section of Manhattan in New York City.

25. Individual Defendants, Hong Tae Kim, Jinduk Seo (a.k.a. Jinduk Seh), and Esther Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Lucas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lucas, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Lucas (and all similarly situated employees) and are Plaintiff Lucas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Lucas and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Hong Tae Kim and Jinduk Seo (a.k.a. Jinduk Seh) operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Lucas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Lucas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lucas's services.

32. In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Lucas is a former employee of Defendants who was employed as a dishwasher, food preparer, cook and delivery worker.

35. Plaintiff Lucas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hugo Israel Lucas Sut*

36. Plaintiff Lucas was employed by Defendants from approximately March 6, 2012 until on or about December 6, 2018.

37. Defendants employed Plaintiff Lucas as a dishwasher, food preparer, cook and delivery worker.

38. Plaintiff Lucas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39. Plaintiff Lucas's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Lucas regularly worked in excess of 40 hours per week.

41. From approximately March 6, 2012 until on or about December 2014, Plaintiff Lucas worked as a dishwasher and cook from approximately 11:00 a.m. until on or about 11:00 p.m., 5 days a week and from approximately 12:00 p.m. until on or about 2:00 a.m., one day a week (typically 74 hours per week).

42. From approximately January 2015 until on or about March 2015, Plaintiff Lucas worked as a dishwasher and cook from approximately 11:00 a.m. until on or about 11:00 p.m., 5 days a week and from approximately 5:00 p.m. until on or about 10:00 p.m., 1 day a week (typically 65 hours per week).

43. From approximately March 2015 until on or about January 2017, Plaintiff Lucas worked as a delivery worker from approximately 11:00 a.m. until on or about 11:00 p.m., 5 days a week and from approximately 5:00 p.m. until on or about 10:00 p.m., one day a week (typically 65 hours per week).

44. From approximately February 2017 until on or about December 6, 2018, Plaintiff Lucas worked as a delivery worker from approximately 11:00 a.m. until on or about 10:00 p.m. to 11:00 p.m., 5 days a week (typically 55 to 60 hours per week).

45. From approximately March 2012 until on or about March 2015, Defendants paid Plaintiff Lucas his wages in cash.

46. From approximately March 2015 until on or about December 6, 2018, Defendants paid Plaintiff Lucas his wages in a combination of check and cash.

47. From approximately March 2012 until on or about August 2012, Defendants paid Plaintiff Lucas a fixed salary of $370 per week.

48. From approximately September 2012 until on or about December 2012, Defendants paid Plaintiff Lucas a fixed salary of $400 per week.

49. From approximately January 2013 until on or about January 2014, Defendants paid Plaintiff Lucas a fixed salary of $425 per week.

50. From approximately February 2014 until on or about February 2015, Defendants paid Plaintiff Lucas a fixed salary of $525 per week.

51. From approximately March 2015 until on or about December 2015, Defendants paid Plaintiff Lucas a fixed salary of $330 per week.

52. From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Lucas $7.50 per hour for the first 40 hours worked per week and for only 10 hours of overtime hours at $11.25 per hour.

53. From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Lucas $9.00 per hour for the first 40 hours worked per week and $13.50 per hour for the overtime hours.

54. Plaintiff Lucas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55. For example, Defendants required Plaintiff Lucas to continue working 30 minutes past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

56. Defendants withheld a portion of Plaintiff Lucas's tips; specifically, Defendants pocketed 2.5% of credit card tips.

57. Prior to 2015, Plaintiff Lucas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58. Although from approximately 2015until on or about 2018, Plaintiff Lucas was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. In fact, in several occasions, the manager "Esther", clocked out for Plaintiff Lucas before the end of his shift. As a result, Plaintiff Lucas was not compensated for all of the hours that he worked.

59. In 2016, Defendants required Plaintiff Lucas to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

60. In addition, in order to get paid, Plaintiff Lucas was required to sign a document in which Defendants misrepresented the hours that he worked per week.

61. Prior to 2016, no notification, either in the form of posted notices or other means, was ever given to Plaintiff Lucas regarding overtime and wages under the FLSA and NYLL.

62. Defendants did not provide Plaintiff Lucas an accurate statement of wages, as required by NYLL 195(3).

63. Defendants did not give any notice to Plaintiff Lucas, in English and in Spanish (Plaintiff Lucas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64. Defendants required Plaintiff Lucas to purchase "tools of the trade" with his own funds—including three bicycles, four bicycle bells, one helmet, two pairs of tires per year, and bike's monthly maintenance.

*Defendants' General Employment Practices*

65. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lucas (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

66. Plaintiff Lucas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67. Defendants' pay practices resulted in Plaintiff Lucas not receiving payment for all his hours worked, and resulted in Plaintiff Lucas's effective rate of pay falling below the required minimum wage rate.

68. Defendants habitually required Plaintiff Lucas to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

69. Plaintiff Lucas and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

70. In violation of federal and state law as codified above, Defendants classified Plaintiff Lucas and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71. Defendants failed to inform Plaintiff Lucas who received tips that Defendants intended to take a deduction against Plaintiff Lucas's earned wages for tip income, as required by the NYLL before any deduction may be taken.

72. Defendants failed to inform Plaintiff Lucas who received tips, that his tips were being credited towards the payment of the minimum wage.

73. Defendants failed to maintain a record of tips earned by Plaintiff Lucas who worked as a dishwasher, food preparer, cook and a delivery worker for the tips he received.

74. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Lucas who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a dishwasher, food preparer, cook and a delivery workers of a portion of the tips earned during the course of employment.

75. Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Lucas and other tipped employees, in violation of New York Labor Law § 196-d (2007).

76. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

77. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78. Defendants' time keeping system did not reflect the actual hours that Plaintiff Lucas worked.

79. In 2016, Defendants required Plaintiff Lucas to sign a document the contents of which he was not allowed to review in detail.

80. Defendants required Plaintiff Lucas to sign a document that reflected inaccurate or false hours worked.

81. Defendants paid Plaintiff Lucas his wages in cash and then in a combination of check and cash.

82. Prior to 2016, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lucas (and similarly situated individuals) worked, and to avoid paying Plaintiff Lucas properly for his full hours worked.

84. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

85. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lucas and other similarly situated former workers.

86. Defendants failed to provide Plaintiff Lucas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87. Defendants failed to provide Plaintiff Lucas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88. Plaintiff Lucas brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

89. At all relevant times, Plaintiff Lucas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

90. The claims of Plaintiff Lucas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91. Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

92. At all times relevant to this action, Defendants were Plaintiff Lucas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lucas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

93. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

94. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95. Defendants failed to pay Plaintiff Lucas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

96. Defendants' failure to pay Plaintiff Lucas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97. Plaintiff Lucas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98. Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

99. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lucas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100. Defendants' failure to pay Plaintiff Lucas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101. Plaintiff Lucas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102. Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

103. At all times relevant to this action, Defendants were Plaintiff Lucas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Lucas, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

104. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lucas less than the minimum wage.

105. Defendants' failure to pay Plaintiff Lucas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106. Plaintiff Lucas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

107. Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

108. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lucas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109. Defendants' failure to pay Plaintiff Lucas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110. Plaintiff Lucas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

111. Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

112. Defendants failed to pay Plaintiff Lucas one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lucas's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

113. Defendants' failure to pay Plaintiff Lucas an additional hour's pay for each day Plaintiff Lucas's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

114. Plaintiff Lucas was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

115. Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

116. Defendants failed to provide Plaintiff Lucas with a written notice, in English and in Spanish (Plaintiff Lucas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

117.     Defendants are liable to Plaintiff Lucas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

118.     Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

119.     With each payment of wages, Defendants failed to provide Plaintiff Lucas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

120.     Defendants are liable to Plaintiff Lucas in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

121.     Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

122.     Defendants required Plaintiff Lucas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

123.     Plaintiff Lucas was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

124.     Plaintiff Lucas repeats and realleges all paragraphs above as though fully set forth herein.

125. At all relevant times, Defendants were Plaintiff Lucas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

126. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

127. Defendants unlawfully misappropriated a portion of Plaintiff Lucas's tips that were received from customers.

128. Defendants knowingly and intentionally retained a portion of Plaintiff Lucas's tips in violations of the NYLL and supporting Department of Labor Regulations.

129. Plaintiff Lucas was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lucas respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lucas and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lucas and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lucas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lucas and the FLSA Class members;

(f) Awarding Plaintiff Lucas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Lucas and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lucas;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lucas;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Lucas;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lucas's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Lucas;

(m) Awarding Plaintiff Lucas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n) Awarding Plaintiff Lucas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Lucas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Lucas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Lucas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lucas demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        December 28, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
      Michael Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      Telephone: (212) 317-1200
      Facsimile: (212) 317-1620
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 27, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:              Hugo Israel Lucas Sut

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:          _[signature]_

Date / Fecha:               27 de Diciembre del 2018

Certified as a minority-owned business in the State of New York